OPINION OF THE COURT
Leo F. Hayes, J.
Petitioner, Joseph B. Kelly, Jr. (Kelly), is the School Business Administrator and Purchasing Agent of the City School District of the City of Oswego, New York (School District). On November 22, 1978, Kelly was convicted of the felony of grand larceny in the third degree arising from the theft of property from the School District. As a result of said conviction, on November 28, 1978, the School District suspended Kelly from his position with salary, pending the determination, of disciplinary charges against him.
Thereafter, on February 6, 1979, disciplinary charges were preferred against Kelly pursuant to section 3020-a of the Education Law. Said disciplinary charges were as follows:
“charge #1
“Between approximately January 7, 1977, and approximately February 8,1977, Joseph B. Kelly, Jr., (also known *1010 as J. B. Kelly, Jr.), while serving as school business administrator and purchasing agent of the City School District of the City of Oswego, New York, did commit two separate larcenies of funds of the said school district and such conduct constitutes bad behavior and inefficient and incompetent service.
“charge #2
“In committing the larcenies mentioned in Charge #1, hereinabove set forth, being thereafter convicted thereof and sentenced to imprisonment therefor, the said Joseph B. Kelly, Jr., (also known as J. B. Kelly, Jr.), thereby cast discredit upon the City School District of the City of Oswego, New York.”
A hearing on said charges was held on April 23, June 7, July 27, August 1 and August 13, 1979. During the pendency of the disciplinary hearing Kelly was sentenced on his criminal conviction; a stay of said sentence was obtained pending an appeal; the conviction was upheld by the Appellate Division, Fourth Department; leave to appeal to the Court of Appeals was denied; and, on November 7, 1979, Kelly was incarcerated in the Oswego County Jail to commence serving his sentence of imprisonment. On the same day the School District suspended Kelly without pay.
On November 21, 1979, the disciplinary hearing panel submitted its findings and recommendations wherein, by a divided vote, it found insufficient evidence to support a finding of guilty of Charge No. 1 afore-mentioned, but did find Kelly guilty of Charge No. 2.
It was the belief of the hearing panel that a penalty of discharge was too severe, but the panel did recommend a six months’ suspension without pay. Thereafter, on December 4, 1979, the School District adopted a resolution suspending the petitioner for a period of six months, said suspension to commence upon petitioner’s completion of his jail sentence.
Petitioner has now brought this article 78 proceeding seeking an order annulling the setting aside the decision of the hearing panel with respect to their finding as to *1011 Charge No. 2, annulling and setting aside the punishment imposed and recommended by the hearing panel as being arbitrary and capricious and constituting an abuse of discretion and, further, seeking an order setting aside the decision of the School District which delayed the implementation of petitioner’s suspension until after the completion of his jail sentence.
Respondent School District, in its answer, requests an order dismissing the petition herein; annulling the findings of the hearing panel with respect to Charge No. 1; annulling the recommendation of the hearing panel regarding the penalty to be imposed; adjudicating that petitioner Kelly was guilty of Charge No. 1 and assessing the penalty against him of dismissal from employment.
CPLR 7803 provides:
“The only questions that may be raised in a proceeding under this article are:
“1. whether the body or officer failed to perform a duty enjoined upon it by law; or
“2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
“3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
“4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.”
CPLR 7804 (subd [g]) provides as follows:
“Hearing and determination; transfer to appellate division. Where an issue specified in question four of section 7803 is not raised, the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding. Where such an issue is raised, the court shall make an order directing that the proceeding be transferred for disposition to a term of the appellate division held within the judicial department embracing the county in which the *1012 proceeding was commenced; the court may, however, itself pass on objections in point of law [emphasis added]. When the proceeding comes before it, whether by appeal or transfer, the appellate division shall dispose of all issues in the proceeding, or, if the papers are insufficient, it may remit the proceeding.”
In essence, there are three issues presented in this article 78 proceeding: (1) Was the determination of the panel hearing that Kelly was not guilty of Charge No. 1 supported by substantial evidence; (2) Irrespective of the decision as to Charge No. 1, was there an abuse of discretion as to the measure or mode of penalty or discipline imposed; and (3) If the penalty imposed was warranted, what is the effective date of the six months’ suspension?
The School District contends that the panel hearing’s decision was contrary to the evidence presented. This certainly appears to be the case in that Charge No. 1 aforementioned contains exactly the same specifications as the first count of the indictment for which Kelly was convicted after trial by jury and which conviction was affirmed by the Appellate Division, with leave to appeal denied by the Court of Appeals. Although CPLR 7804 (subd [g]) ordinarily requires that any question involving substantial evidence be referred to the Appellate Division, this court feels that such a proceeding is not necessary in this case. The specifications contained in Charge No. 1 afore-mentioned are the same as set forth in the indictment on which Kelly was convicted by a jury and which conviction was affirmed by the Appellate Division, Fourth Department. This is a matter of law and considering the fact that a criminal conviction requires proof of guilt beyond a reasonable doubt, which conviction was affirmed on appeal, it is clear that as a matter of law Kelly is guilty of the first charge.
In this court’s opinion the critical question presented is whether or not the six months’ suspension recommended by the hearing panel was arbitrary and capricious or an abuse of discretion.
This court may very well feel that Mr. Kelly’s suspension is an inadequate penalty in light of all of the evidence in this case. That, however, is not the sole and controlling factor in the court’s determination.
*1013 The court must recognize the broad discretion vested with the hearing panel in this type of proceeding. The courts may not disregard the discretion exercised by the hearing panel unless as a matter of law their determination is arbitrary and capricious.
The question to be answered by this court then is whether as a matter of law the hearing panel’s recommendation of a six months’ suspension was an abuse of discretion or arbitrary and capricious. This question must be answered in the negative.
Kelly?s contention that said six months’ suspension must run from the date of the hearing panel’s determination is without merit. To permit a defendant to have a period of suspension run concurrent with his jail sentence would, in this court’s opinion, constitute a nullification of the effect of a suspension.